ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

JACOB JOSE, Trial Attorney
Wildlife & Marine Resources Section
SEAN C. DUFFY, Trial Attorney
Natural Resources Section
P.O. Box 7369, Ben Franklin Station
Washington, D.C. 20044
(202) 341-1749 (Jose); (202) 598-7291 (Duffy)
Jacob.Jose@usdoj.gov; Sean.C.Duffy@usdoj.gov

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY**, a non-profit organization,<br><br>   Plaintiff,<br><br>  v.<br><br>**U.S. FOREST SERVICE; TOM VILSACK**, in his official capacity as Secretary of the U.S. Department of Agriculture; **REBECCA BROOKE**, in her official capacity of Forest Supervisor for the Siuslaw Forest.<br><br>   Federal Defendants,<br><br>  and<br><br>**DOUGLAS COUNTY, OREGON,** a political subdivision of the State of Oregon, *et al.*,<br><br>   Defendant-Intervenors. | Case No. 6:24-cv-00930-AA<br><br><br>**SUPPLEMENTAL BRIEF** |

SUPPLEMENTAL BRIEF
*Center for Biological Diversity v. U.S. Forest Service, et al.*, Case No. 6:24-cv-00930-AA

## FEDERAL DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING RESCISSION OF THE REGULATORY DEFINITION OF HARM UNDER THE ENDANGERED SPECIES ACT

Federal Defendants provide the following response in accordance with this Court's July 14, 2026, Scheduling Order requesting supplemental briefing on the Final Rule Rescinding the Definition of "Harm" Under the Endangered Species Act, 91 Fed. Reg. 43300 (July 14, 2026) (Final Harm Rule). The Final Harm Rule does not affect the statutory and regulatory provisions at issue in this case and, therefore, has no impact on this matter.[1]

1. The present litigation involves two claims brought under Section 7 of the ESA, 16 U.S.C. § 1536. Compl. (First & Second Claims for Relief) 33-40, Dkt. No. 1.[2] Plaintiff's First Claim alleges that the U.S. Forest Service failed to initiate ESA consultation on special-use permits and land use plans that manage OHV activity on the Oregon Dunes National Recreation Area. *Id*. at 33-38. The Second Claim raises allegations under Section 7(d), which generally prohibits the agency from making irreversible or irretrievable commitment of resources during consultation. *Id*. at 38-40; 16 U.S.C. § 1536(d).

2. Section 7(a)(2) of the ESA imposes on the federal government the responsibility to "insure that any action authorized, funded, or carried out by such agency . . . is not likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of habitat of such species which is determined by the Secretary . . . to be critical . . . ." 16 U.S.C. § 1536(a)(2). Section 7 imposes both procedural and substantive

---

[1] On July 20, 2026, counsel for the Parties conferred on the Court's Scheduling Order and agreed that the Final Harm Rule does not affect this litigation.

[2] The third and fourth claims raising NEPA, NFMA, and APA violations neither implicate the ESA nor the Final Harm Rule, and therefore are not further addressed here.

SUPPLEMENTAL BRIEF
*Center for Biological Diversity v. U.S. Forest Service, et al.*, Case No. 6:24-cv-00930-AA

duties, which are defined under their own implementing regulations. 50 C.F.R. Part 402 (Interagency Cooperation).

3.      Section 9 of the ESA prohibits the "take" of endangered wildlife by both the federal government and private citizens. *See* 16 U.S.C. § 1538. As defined by the Act, "take" means "to harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to attempt to engage in any such conduct." *See id.* § 1532(19). The Final Harm Rule rescinded the regulatory definition of "harm" as it applied to the statutory definition of "take" in Section 9. 91 Fed. Reg. 43300.

4.      Both claims in this case relate to Section 7, not Section 9's take prohibitions. Moreover, while substantive determinations made in Section 7 consultations can address "take" of ESA-listed species—and thus raise issues addressed by the Final Harm Rule—Plaintiff's ESA claims here are at an earlier procedural step. They allege that the agency failed to consult or is taking actions in contravention of Section 7(d), not that it is violating the ESA based on Section 9's take prohibitions. Because Plaintiff's claims do not raise allegations of unlawful "take" under Section 9, the claims do not involve the previous regulatory definition of harm or, by extension, the Final Harm Rule.[3]

---

[3] Even though the Parties agree that the ESA Section 9 definition of "harm" is not at issue in this case, *see* Dkt. No. 118 at 11, Plaintiff asserts that the activity at issue in this case risks "take" of martens. *Id*. at 12-15. As discussed above, both ESA claims in this case concern the Forest Service's procedural obligations under Section 7, not whether there is or will be unauthorized "take" under Section 9. Thus, Plaintiff failed to plead a claim for relief for unauthorized "take" under Section 9, and they cannot use their summary judgment briefing or this supplemental filing to allege claims not pleaded in their operative complaint. *See, e.g.*, *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2003) ("[S]ummary judgment is not a procedural second chance to flesh out inadequate pleadings." (citation omitted)); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (affirming district court's denial of claim raised for the first time during summary judgment proceedings); *Lavelle-Hayden v. Legacy Health*, 744 F. Supp. 3d 1135, 1149–50 (D. Or. 2024) ("Plaintiffs cannot now… 'maintain a new theory of liability to avoid summary judgment that was not adequately presented in the operative complaint.'" (citations omitted)). Even if they had, Plaintiff failed to raise any argument regarding unauthorized "take" under Section 9 in its summary judgment briefing, *see* Dkt. Nos.

SUPPLEMENTAL BRIEF
*Center for Biological Diversity v. U.S. Forest Service, et al.*, Case No. 6:24-cv-00930-AA

For the foregoing reasons, the Final Harm Rule does not impact the present litigation.

Respectfully Submitted: July 27, 2026.

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

/s/ *Jacob Jose*
JACOB JOSE
Trial Attorney (CO Bar No. 59582)
Wildlife & Marine Resources Section
P.O. Box 7369, Ben Franklin Station
Washington, D.C. 20044
(202) 341-1749
Jacob.Jose@usdoj.gov

SEAN C. DUFFY
Trial Attorney (NY Bar No. 4103131)
Natural Resources Section
(202) 598-7291
Sean.C.Duffy@usdoj.gov

*Attorneys for Federal Defendants*

---

98 & 103, so they have waived that argument. *See USA Petrol. Co. v. Atl. Richfield Co.,* 13 F.3d 1276, 1284 (9th Cir. 1994) ("It is a general rule that a party cannot revisit theories that it raises but abandons at summary judgment.").

SUPPLEMENTAL BRIEF
*Center for Biological Diversity v. U.S. Forest Service, et al.*, Case No. 6:24-cv-00930-AA